UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 5:25-cr-0386-JFL-1 |
| : | |
| MATTHEW ALAN LAISS, : | |
|     Defendant : | |

# O R D E R

**AND NOW,** this 1st day of December, 2025, upon consideration of the Defendant's Motion to Dismiss Indictment, *see* ECF No. 18; and the Government's Response in Opposition thereto, *see* ECF No. 23, **IT IS ORDERED AS FOLLOWS**:

1. Defendant's request for oral argument is granted.[1] Oral argument on the Motion to Dismiss is scheduled before Judge Joseph F. Leeson, Jr. for **Monday, December 8, 2025, at 9:00 a.m.** at the Edward N. Cahn Courthouse and Federal Building, Courtroom C, 504 Hamilton Street, Suite 3401, Allentown, Pennsylvania 18101. Counsel for Defendant and for the Government will each be allotted ten minutes to present argument.

2. The final pretrial conference is rescheduled from December 2, 2025, to **Tuesday, January 13, 2026, at 2:00 p.m.**

3. Trial is rescheduled from December 8, 2025, to **Tuesday, January 20, 2026, at 9:00 a.m.**

4. Proposed voir dire questions, points for charge, trial memorandum, witness lists, and proposed verdict forms shall be filed on or before **January 5, 2026**.

5. The Government shall make its expert witness disclosures on or before **December 22, 2025**.

6. The Defendant shall make his expert witness disclosures on or before **December 29, 2025**.

---

[1] *See* Mot. 1, Mem. 6, ECF No. 18.

7. In accordance with 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and Defendant in a speedy trial for the following reasons. Defendant's deadline to file pretrial motions expired on October 20, 2025, *see* ECF No. 12, but the Motion to Dismiss Indictment was not filed until November 18, 2025. Defendant's counsel explains that the reason for the late filing was because the President's Proclamation was not issued until November 7, 2025, and counsel did not become aware of the Proclamation until several days after its signing. *See* Mot. 1 n.1. For these reasons, this Court will consider the Motion. However, this Court needs sufficient time to thoroughly review and dispose of the Motion. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding from the speedy trial clock the "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); 18 U.S.C. § 3161(h)(7)(B)(i) (excluding time under the Speedy Trial Act where "the failure to grant such a continuance in the proceeding would be likely to . . . result in a miscarriage of justice"). This Court and the parties also need adequate time to prepare for oral argument on the Motion. *See United States v. Dennington*, No. 1:07-cr-43-SJM-1, 2009 U.S. Dist. LEXIS 57791, at *1-3 (W.D. Pa. July 8, 2009) (finding that the delay of one month between the filing of the government's response and the oral argument was "independently excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), inasmuch as the argument date was chosen to accommodate the parties' good faith scheduling conflicts, as well as the Court's need for reasonable time in which to adequately prepare for the argument"). Accordingly, the delay caused by this continuance is excluded from the Speedy Trial Act. *See Henderson v. United States*, 476 U.S. 321, 331 (1986) ("The provisions of the Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion.")

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge