IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 25-386 |
| **MATTHEW ALAN LAISS** | : | |

## GOVERNMENT'S TRIAL MEMORANDUM

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Mark Dubnoff, Assistant United States Attorney for the district, hereby submits this Trial Memorandum.

**I.   STATEMENT OF THE CASE**

On September 5, 2025, the government unsealed a two-count indictment against defendant Matthew Alan Laiss, which charged the defendant with one count of voter fraud, in violation of 52 U.S.C. § 20511(2) (Count One), and one count of voting more than once in a federal election, in violation of 52 U.S.C. § 10307(e) (Count Two).

Count One alleges that on October 31, 2020, Mr. Laiss fraudulently submitted a mail-in ballot for the November 2020 Pennsylvania election when Mr. Laiss knew that he was no longer a Pennsylvania resident and was, therefore, ineligible to vote in Pennsylvania. More specifically, Count One alleges that in August 2020, Mr. Laiss moved his residence from Ottsville, Pennsylvania, to Frostproof, Florida, obtained a Florida driver's license, and registered to vote at his new Florida address. Despite this, Mr. Laiss allegedly completed a Pennsylvania mail-in ballot, which had been sent to his old Pennsylvania address, and mailed that ballot back

to the Bucks County, Pennsylvania, Board of Elections, with the intent that his vote be counted in the Pennsylvania general election, which had candidates for federal office on the ballot.

Before mailing his ballot back to Pennsylvania, Mr. Laiss allegedly enclosed the ballot in a special "secrecy envelope" and signed a declaration on the ballot's outer envelope, which stated:

> I hereby declare that I am qualified to vote from the below stated address at this election; that I have not already voted in this election; and I further declare that I marked my ballot in secret. I am qualified to vote the enclosed ballot. I understand I am no longer eligible to vote at my polling place after I return my voted ballot. However, if my ballot is not received by the county, I understand I may only vote by provisional ballot at my polling place, unless I surrender my balloting materials, to be voided, to the judge of elections at my polling place.

The "below stated address" was Mr. Laiss's former residence in Ottsville, Pennsylvania.

Count One further alleges that Mr. Laiss knew he was no longer qualified to vote in Pennsylvania because three days after mailing in his Pennsylvania ballot, Mr. Laiss went to a Florida polling location and voted in person in the Florida general election. The indictment alleges that Mr. Laiss specifically voted for individuals to serve in the offices of President and Vice President of the United States of America. By doing so, the indictment alleges, Mr. Laiss knowingly and willfully deprived, defrauded, and attempted to deprive and defraud the residents of Pennsylvania of a fair and impartially conducted election process.

Count Two alleges that Mr. Laiss knowingly and willfully cast more than one vote for the offices of President and Vice President in the 2020 general election. Specially, Count Two alleges that Mr. Laiss voted once for President and Vice President when he submitted his mail-in ballot to Pennsylvania election officials on October 31, 2020, and then voted for President and Vice President again when he showed up at the polls near Frostproof, Florida, on November 3, 2020, and voted there.

On September 5, 2020, Mr. Laiss appeared before the Honorable Carol Sandra Moore Wells, United States Magistrate Judge for the Eastern District of Pennsylvania and pleaded not guilty to both Count One and Count Two. He was released on a $10,000 bond.

Jury selection for Mr. Laiss's trial is scheduled for March 2, 2026.

## II.   THE EVIDENCE

### A.   Stipulations and Agreements

Counsel for the government and the defendant agree and stipulate to the following:

- Neither the government nor the defendant will identify the individuals for whom Mr. Laiss claims to have voted in either the Pennsylvania or Florida elections for President and Vice President, as the identities of those candidates is irrelevant to the questions of whether Mr. Laiss committed voter fraud in Pennsylvania, as alleged in Count One, or voted more than once in the same federal election, as alleged in Count Two.

- To that end, the government has endeavored to delete all references to Mr. Laiss's political party affiliation on its trial exhibits because: (a) Mr. Laiss's party affiliation is irrelevant to the legal issues in Counts One and Two while unfairly prejudicial; and (b) jurors might try to guess whom Mr. Laiss voted for based on his party affiliation, and as stated above, the identities of those candidates is legally irrelevant.

- All business records and public records are authentic and admissible as non-hearsay pursuant to Federal Rules of Evidence 803(6), 803(8), and 901. Based on this agreement, the government is not planning to call records custodians or

3

government officials from Pennsylvania and Florida to admit records relating to Mr. Laiss's residency and voting history. Instead, the government will seek to admit these documents into evidence through its case agents. The defense reserves the right to raise other objections to the admissibility of such evidence, including but not limited to, objections based on Fed. R. Evid. 401-404.

### B. Witnesses

In light of the parties' agreement with regard to the authenticity and non-hearsay nature of the government's exhibits, the government plans to present its case exclusively through the testimony of its case agents, FBI Special Agents Sean Ahearn and Carmen Dvorak de Morales. Either or both of the agents could testify about Mr. Laiss's voting and residential records and an interview that they jointly conducted of Mr. Laiss on September 17, 2024.

If the defendants call witnesses, the government reserves the right to call rebuttal witnesses not identified in this memorandum.

### C. Exhibits

To the extent possible, the government will provide the Court and all defense counsel with copies of the exhibits that it intends to offer at trial, which will include the following:

#### 1. The Envelope Containing Mr. Laiss's 2020 Pennsylvania Ballot

The government plans to introduce a copy of the envelope that contained the mail-in ballot that Mr. Laiss sent to the Bucks County, Pennsylvania, Board of Elections on October 31, 2020, on which Mr. Laiss signed a declaration attesting that he was qualified to vote at an address in Ottsville, PA.

### 2. Other Records Relating to Mr. Laiss's Pennsylvania Voting History

The government plans to introduce other records relating to Mr. Laiss's Pennsylvania Voting History, including records from the Pennsylvania Statewide Uniform Registry of Electors ("SURE") that were provided by the Office of the Secretary of the Commonwealth of Pennsylvania and the Bucks County Board of Elections.

### 3. The Precinct Register Signed by Mr. Laiss in Florida on Nov. 3, 2020

The government plans to introduce the precinct register that Mr. Laiss signed when he voted in person in Florida on November 3, 2020.

### 4. Other Records Reflecting Mr. Laiss's Residency in Florida in 2020

The government intends to introduce other records reflecting Mr. Laiss's residency in Florida in 2020, including his Florida driver's license records, his Florida voter registration application, dated August 11, 2020; property records relating to real estate that Mr. Laiss acquired in Frostproof, FL, in September 2020; and Mr. Laiss's automobile insurance records, identifying a Florida address for Mr. Laiss in August 2020.

### 5. Excerpts from a Recorded Interview of Mr. Laiss on Sept. 17, 2024

As detailed below and in a separate motion *in limine* (ECF No. 33), FBI Agents Ahearn and Dvorak interviewed Mr. Laiss about the votes he cast in Pennsylvania and Florida in the 2020 election. The government plans to play 11 excerpts from this recorded interview at trial. The government has prepared transcripts of those excerpts and synched the transcripts to the audio excerpts in order to help the jury follow along as they listen to the recordings. Defense counsel has indicated that there is no need for a *Starks* hearing with regard to the recordings. To the contrary, the defense is seeking to play nearly the entire recorded interview to the jury, based on Fed R. Evid. 106. As detailed below and in the motion *in limine*, the government contends

that the defense misunderstands Rule 106. The defense response to the motion *in limine* is due on January 5, 2026.

## III.     ANTICIPATED TRIAL LENGTH

The government anticipates being able to put on its case-in-chief in under two hours. The defense has not given an estimate as to how long it will need to present its evidence.

## IV.     ELEMENTS OF THE OFFENSES

### A.     52 U.S.C. § 20511(2)(B) – Voter Fraud – Count 1

To obtain a conviction for voter fraud, in violation of 52 U.S.C. § 20511(2)(B), the government would have to prove the following elements beyond a reasonable doubt:

(1) That there was an election for federal office;

(2) That the defendant deprived, defrauded, or attempted to deprive or defraud the residents of a state of a fair and impartially conducted election process by the procurement, casting, or tabulation of ballots that were known by him to be materially false, fictitious, or fraudulent under the laws of the State in which the election is held; and

(3) The defendant acted knowingly and willfully.

52 U.S.C. § 20511(2)(B).

### B.     52 U.S.C. § 10307(e) –Voting More Than Once – Count Two

To obtain a conviction for voting more than once in a federal election, in violation of 52 U.S.C. § 10307(e), the government would have to prove the following elements beyond a reasonable doubt:

(1) A candidate for federal office was on the ballot;

(2) The defendant voted more than once for a candidate for the office of President, Vice President, presidential elector, Member of the United States Senate, or Member of the United States House of Representatives; and

(3) The defendant voted knowingly, willfully and expressly for the purpose of having the defendant's vote count more than once.

*United States v. Salisbury*, 983 F.2d 1369 (6th Cir. 1993) (citing *United States v. Hogue*, 812 F.2d 1568, 1576 (11th Cir. 1987).

## V.     TRIAL ISSUES

### A.     Motions *in Limine*

The government has filed a motion *in limine* to preclude the defendant from playing nearly the entire recorded interview of him by the FBI on September 17, 2024. *See* ECF No. 33. The defense response is due on January 5, 2026.

No other motions *in limine* are anticipated in light of the parties' agreements (a) not to identify the individuals for whom Mr. Laiss claims to have voted in either Pennsylvania or Florida; (b) not to identify Mr. Laiss's political party affiliation; and (c) not to require records custodians to authenticate documents and identify them as business records or public records, as defined by Fed. R. Evid. 803(6), 803(8), and 901.

### B.     Other Pretrial Motions

On October 20, 2025, the defendant filed a motion for an order that would direct the Clerk of the Court to disclose the names and counties of residence of prospective petit jurors in this case to the parties as soon as they are received by the Clerk of Court. ECF No. 14. The government opposed this motion. ECF No. 16. On November 18, 2025, this Court granted the defendant's motion in part and denied the motion in part, ruling that the parties could have access to the counties of residence of the petit jurors but not their names after the Clerk of Court has initiated service of jury notices by first-class mail. ECF No. 20.

On November 18, 2025, the defendant filed a motion to dismiss the indictment on the grounds that Mr. Laiss had been pardoned by President Trump on November 7, 2025. ECF No. 18. The government filed an opposition on November 28, 2025. ECF No. 23. The defendant filed a reply brief on December 5, 2025. ECF No. 29. The Court heard oral argument on the motion on December 8, 2025, and has taken the matter under advisement.

### C.     Concerns About Appeals to Jurors' Sympathy or Political Views

The defendant has taken several actions in advance of his trial that suggest he is planning to present evidence or arguments to the jury that have nothing to do with whether he engaged in the factual conduct alleged in the indictment and instead appear to be appeals to jurors' sympathy or political views.

For example, Mr. Laiss asked this Court to take the extremely unorthodox step of granting him advanced access to the names of all prospective petit jurors so that he could "promptly research" such potential jurors, Mtn. at 2-3, presumably by trying to learn something about their political views and party affiliations. Relatedly, Mr. Laiss made political arguments in support of his motion to dismiss, based on the pardon that President Trump issued on November 7, 2025. Mr. Laiss contended that it would be "unequivocally absurd" for President Trump to have pardoned attorneys and advisors "who allegedly conspired to cause then-Vice President Pence to unilaterally block the certification of then-candidate Biden's election victory" without pardoning Mr. Laiss. ECF No. 18 at 7. Mr. Laiss also asserted that the conduct explicitly covered by the pardon "exponentially more egregious" than the conduct alleged in his indictment. *Id.*

Additionally, Mr. Laiss has informed the government that he would like the jury to hear nearly all of his recorded interview by the FBI on September 17, 2024. Nothing in that recording suggests that Mr. Laiss did not fraudulently vote in Pennsylvania, as alleged in Count One, or that he did not vote twice for the same federal office, as alleged in Count Two, so Mr. Laiss' position makes sense only if he believes that there are portions of the interview that would either make him look more sympathetic or the FBI agents look less sympathetic to the jurors. Either way, such evidence would be an improper, if indirect, appeal for jury nullification.

8

Jury nullification is "a jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue…or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness." *United States v. Boone*, 458 F.3d 321, 328 n.2 (3d Cir. 2006) (quoting *Black's Law Dictionary* 875 (8th ed. 2004)). In *Boone*, the Third Circuit explained that a juror who "commits jury nullification violates the sworn jury oath and prevents the jury from fulfilling its constitutional role." *Id.* at 326. The federal courts "categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent." *United States v. Carr*, 424 F.3d 213, 220 (2d Cir. 2005) (quoting *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997)).

Introducing evidence in favor of jury nullification also violates Federal Rules of Evidence 401 and 402. Rule 401 defines "relevance" as "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Rule 402 provides that irrelevant evidence is inadmissible. Evidence in support of jury nullification has no tendency to make the existence of any fact related to guilt or innocence more or less probable, and therefore it is not admissible. Accordingly, the trial court may preclude defense attorneys from attempting to present evidence or arguments in favor of jury nullification. *United States v. Moss*, 297 Fed. Appx. 839, 841 (11th Cir. 2008); *United States v. Rosenthal*, 454 F.3d 943, 946-47 (9th Cir. 2006); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993).

In this case, Mr. Laiss should be precluded from presenting any evidence or argument that appeals to jurors' sympathies or political views. Specifically, he should be precluded from referring to President Trump's decision to pardon other people or the

9

government's decision to pursue this prosecution. Mr. Laiss should also be precluded from making any other direct or indirect appeals to juror sympathies and political views. Mr. Laiss has no obligation to present any defense at all, but if he chooses to present one, he must comply with the rules of evidence, and he should be precluded from making an appeal for jury nullification.

        Respectfully submitted,

        DAVID METCALF
        United States Attorney


        */s/ Mark B. Dubnoff*
        MARK B. DUBNOFF
        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served by me this date, by email or electronic filing upon the following persons:

Katrina Young, Esq.
Elizabeth Toplin, Esq.
601 Walnut Street, Suite 5454 West
Philadelphia, PA 19106

*/s/ Mark B. Dubnoff*
MARK B. DUBNOFF
Assistant United States Attorney

Date: December 30, 2025