**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:25-cr-00386 |
| | : | |
| MATTHEW ALAN LAISS | : | |

**O P I N I O N**
**Motion to Dismiss Indictment, ECF No. 18 - Denied**

Joseph F. Leeson, Jr.                                                     **January 12, 2026**
**United States District Judge**

## I.      INTRODUCTION

The Government has charged Defendant Matthew Laiss with voter fraud and voting more than once in a federal election.  Laiss brings this Motion to Dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(1).  Laiss contends that a November 7, 2025 Presidential Pardon applies to his alleged conduct in this case.[1]  For the reasons set forth below, Laiss's Motion is denied.

## II.     BACKGROUND

### A.  Factual Background

Laiss is charged with voter fraud (52 U.S.C. § 20511(2)(B)–Count One) and voting more than once in a federal election (52 U.S.C. § 10307(e)–Count Two).  *See* Indictment, ECF No. 1. The Indictment alleges that Laiss was a registered voter in Pennsylvania between October 2012 and August 2020, when he moved to Florida and registered to vote in Florida.  *See id.* at ¶¶ 1–4. The Indictment alleges that on October 31, 2020, Laiss submitted a mail-in ballot in

---

[1]      *But see* footnote 2 *infra*.

Pennsylvania casting a vote for the offices of President and Vice President of the United States in the 2020 Presidential election and signed a declaration that he was qualified to vote from his former Pennsylvania address.  *See id.* at ¶¶ 5–8.  The Indictment alleges that Laiss knew this declaration to be false and that three days after he submitted the mail-in ballot to vote in Pennsylvania, he then went to a polling location in Florida and voted a second time for the offices of President and Vice President of the United States in the 2020 Presidential election.  *See id.* at ¶¶ 8–9.

### B.  The Presidential Pardon

On November 7, 2025, United States President Donald J. Trump issued a "full and unconditional pardon" to "all United States citizens for conduct relating to the advice, creation, organization, execution, submission, support, voting, activities, participation in, or advocacy for or of any slate or proposed slate of Presidential electors, whether or not recognized by any State or State official, in connection with the 2020 Presidential Election," including, but not limited to, Rudolph Giuliani and Sidney Powell.  Granting Pardons for Certain Offenses Related to the 2020 Presidential Election by the President of the United States of America, 90 Fed. Reg. 51071, 51071 (Nov. 7, 2025) ("the Pardon").

The Pardon also provides that "[t]he Attorney General, acting through the Pardon Attorney, shall administer and effectuate the issuance of certificates of pardon to eligible applicants."  *Id.* at 51073.

### C.  Procedural History

The Indictment was filed on September 2, 2025.  *See* ECF No. 1.  Laiss was arraigned and counsel was appointed for Laiss on September 5, 2025.  *See* ECF Nos. 5, 7.

Laiss filed the present Motion to Dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(1) on November 18, 2025.  *See* Mot., ECF No. 18.  Laiss argues that the Pardon applies to the conduct with which he is charged.  *See id.* at 3.  Laiss argues that the Pardon identifies numerous ways that individuals may get relief from the Pardon, including "support, voting, . . . or advocacy for or of any slate or proposed slate of Presidential electors." *Id.*  Laiss emphasizes the terms "voting" and "any slate or proposed slate of Presidential electors" in the Pardon and maintains that he engaged in such conduct when he voted twice for the same Presidential candidate.  *Id.* at 3–4.  Laiss argues that "[b]y its plain language, the [P]ardon extends to Mr. Laiss, and his Motion to Dismiss should therefore be granted."  *Id.* at 4.

The Government filed its Response in Opposition on November 28, 2025.  *See* Resp., ECF No. 23.  The Government opposes the merits of Laiss's argument.  *See generally id.*  In addition, the Government argues that Laiss brings this Motion in the wrong forum.  *See id.* at 7. The Government asserts that Laiss should have petitioned the Office of the Pardon Attorney for a certificate of pardon.  *See id.* (citing the Pardon).  The Government contends that "Laiss cannot petition this Court to circumvent the executive agency tasked with issuing pardons and effectively issue a judicial pardon."  *Id.*

Laiss filed a Reply on December 5, 2025.  *See* Reply, ECF No. 29.  Laiss offers no argument or legal authority disputing the Government's contention that this issue is not properly before the Court.  *See id.*  Laiss merely reiterates the merits of his Motion.  *See id.* at 9-11. Further, Laiss does not state that he applied for a certificate of pardon.  Instead, he notes that his counsel emailed a copy of the Motion to Dismiss the Indictment to the Office of the Pardon Attorney's official government email account on November 18, 2025, but had not received a response.  *See id.* at 10-11 n.2.

This Court held oral argument on December 8, 2025.  At oral argument, after hearing the parties' arguments on the merits of the Motion,[2] the Court asked the parties to address whether this Court has the authority to decide whether the Pardon applies.  In response, the Government relied on the language of the Pardon (that "[t]he Attorney General, acting through the Pardon Attorney, shall administer and effectuate the issuance of certificates of pardon to eligible applicants") and maintained that this Court did not have jurisdiction to hear the present Motion. The Government contended that Laiss must apply for a certificate of pardon from the Office of the Pardon Attorney and not merely email a copy of the instant Motion.  In turn, Laiss relied on President's Trump pardon regarding the events on January 6 and the federal courts which reviewed the merits of that pardon.  *See, e.g. United States v. Wilson*, No. 25-545, 2025 WL 1009047, at *3 (D.D.C. Mar. 13, 2025); *United States v. Kelley*, No. 22-118, 2025 WL 757583 (E.D. Tenn. Mar. 10, 2025).

As of the date of this Opinion, no information has been provided to the Court to document that Laiss has received a certificate of pardon from the Office of the Pardon Attorney.

## III.   LEGAL STANDARDS

### A.  Motion to Dismiss Indictment pursuant to Rule 12(b)(1)

 "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  A Rule 12(b)(1) motion may attack any basis "'capable of determination without a trial of the merits,'[3] such as, former

---

[2]    In addition to the arguments briefly mentioned above, the Government argued that even if the Pardon applies to Laiss, it only applies to Count Two.  Laiss did not object to the Government's assertion.

[3]    The Western District of Pennsylvania, citing the Committee Note, refers to the 1944 Committee Note.  In 2014, the language changed from "trial on the general issue" to "trial on the merits."  Advisory Committee Note to Fed. R. Crim. P. 12 (2014).   "No change in meaning is intended."  *Id.*

jeopardy, former conviction, immunity, or statute of limitations." *United States v. Gulf Oil Corp.*, 408 F. Supp. 450, 457 (W.D. Pa. 1975) (citing Advisory Committee Note to Fed. R. Crim. P. 12 (1944)). "A defense is thus 'capable of determination' if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969).

### B. Voter fraud

To convict Laiss on Count One, alleging voter fraud in violation of 52 U.S.C. § 20511(2)(B), the Government must prove the following three elements beyond a reasonable doubt:

> (1) That there was an election for federal office;
> (2) That the defendant deprived, defrauded, or attempted to deprive or defraud the residents of a state of a fair and impartially conducted election process by the procurement, casting, or tabulation of ballots that were known by him to be materially false, fictitious, or fraudulent under the laws of the State in which the election is held; and
> (3) The defendant acted knowingly and willfully.

*See* 52 U.S.C. § 20511(2)(B); *see also United States v. Taylor*, 159 F.4th 1136, 1141 (8th Cir. 2025).

### C. Voting more than once in a federal election

To convict Laiss on Count Two, alleging voting more than once in a federal election, in violation of 52 U.S.C. § 10307(e), the Government must prove the following elements beyond a reasonable doubt: "1) a candidate for federal office must be on the ballot; 2) the defendant must vote more than once for a candidate; and 3) the defendant must so vote knowingly, willfully and expressly for the purpose of having [his] vote count more than once." *United States v. Salisbury*,

983 F.2d 1369, 1377 (6th Cir. 1993) (citing *United States v. Hogue*, 812 F.2d 1568, 1576 (11th

Cir. 1987)); *see also United States v. Slone*, 411 F.3d 643, 647–48 (6th Cir. 2005).[4]

### D.  Presidential pardon power

The United States Constitution bestows on the President the sole "Power to grant

Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment."

U.S. Const. art. II, § 2, cl. 1.[5]  The President typically "relies on the Department of Justice—

specifically the Attorney General and Office of the Pardon Attorney—to administer the pardon

process."  *See Andrews v. Warden*, 958 F.3d 1072, 1078 (11th Cir. 2020); *see also* Office of the

Pardon Att'y, *About the Office*, U.S. Dep't of Justice (May 27, 2025),

https://www.justice.gov/pardon/about-office; 28 C.F.R. §§ 1.1–1.11.[6]

A pardon's text generally covers its review.  *See Andrews*, 958 F.3d at 1078 (giving

deference to the Bureau of Prisons' interpretation of President Obama's executive grant of

clemency for Andrews that reduced his sentence of imprisonment); *see also* Scalia &

Garner, *Reading Law: The Interpretation of Legal Texts § 2* 56 (2012) ("The words of a

governing text are of paramount concern, and what they convey, in their context, is what the text

means.").  "So long as the language of a pardon is clear and unambiguous, courts interpret the

pardon according to its plain and ordinary meaning."  *Wilson*, 2025 WL 1009047, at *4 (citing *In

re Greathouse*, 10 F. Cas. 1057, 1061 (C.C.N.D. Cal. 1864)).  When the language of a pardon is

---

[4]      These cases were predicated on 42 U.S.C. § 1973i(e)(1), which has since been transferred
to 52 U.S.C. § 10307(e).

[5]      The parties do not dispute President Trump's Article II pardon power.

[6]      "A person seeking executive clemency by pardon, reprieve, commutation of sentence, or
remission of fine shall execute a formal petition."  28 C.F.R. § 1.1.  "The petition shall
be addressed to the President of the United States and shall be submitted to the Pardon Attorney,
Department of Justice, Washington, DC 20530."  *Id.*  "Petitions and other required forms may be
obtained from the Pardon Attorney."  *Id.*  "Each petition for executive clemency should include
the information required in the form prescribed by the Attorney General."  *Id.*

plain, "the sole function of the courts is to enforce it according to its terms." *Wilson*, 2025 WL

1009047, at *4 (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)).

## IV.    ANALYSIS

Before addressing the merits of Laiss's argument that the Indictment should be dismissed

because the Pardon applies to him, this Court must first determine whether it has jurisdiction to

consider Laiss's argument.  Regarding jurisdiction, the terms of the Pardon are clear and

unambiguous.  The Pardon provides that "[t]he Attorney General, acting *through the Pardon*

*Attorney*," shall issue certificates of pardon to "*eligible applicants*."  *See* 90 Fed. Reg. at 51073

(emphasis added).  The Pardon provides the Office of the Pardon Attorney, not the courts, with

the authority to issue pardons.  Additionally, the Pardon is only available to "applicants," which

emphasizes the need for individuals to apply to the Office of the Pardon Attorney for certificates

of pardon.  The Pardon Attorney can then determine whether the individuals are "eligible" for a

certificate of pardon—a decision initially to be made by the Pardon Attorney, not the courts.

This language is clear; therefore, this Court defers to and enforces the plain text of the Pardon.

*See Wilson*, 2025 WL 1009047, at *4 (citing *Andrews*, 958 F.3d at 1078) (explaining that courts

enforce Presidential pardons according to their plain text so long as they are clear and

unambiguous).

Laiss does not offer a contrary reading of the plain text of the Pardon.  Rather, in support

of his argument that this Court has jurisdiction to consider the Pardon in the first instance, Laiss

cites to cases applying President Trump's pardon regarding the events occurring at or near the

United States Capitol on January 6, 2021 ("the January 20, 2025 pardon").  *See generally Wilson*,

2025 WL 1009047; *Kelley*, 2025 WL 757583.  Laiss argues that because those courts reviewed

whether the January 20, 2025 pardon covered other offenses, this Court can hear his Motion.

Significantly, however, the January 20, 2025 pardon does not refer to the Pardon Attorney, suggest that the Pardon Attorney is responsible for determining eligibility, or require individuals to apply for certificates of pardon. *See* Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021, 90 Fed. Reg. 8331, 8331 (Jan. 20, 2025). That pardon provided that "[t]he *Attorney General shall* administer and effectuate the *immediate issuance* of certificates of pardon to *all individuals*." *Id.* (emphasis added). Since the January 20, 2025 pardon directed the Attorney General (not the Pardon Attorney) to immediately issue pardons (eliminating the need for individuals to apply for certificates of pardon and for the Pardon Attorney to determine eligibility) to all individuals, the January 20, 2025 pardon and cases applying the same are distinguished from this case. In fact, the absence of any language in the January 20, 2025 pardon referring to the "Pardon Attorney" and to "eligible applicants" shows that President Trump knew that he could eliminate the pardon process, which he imposed in the instant Pardon.

No information has been provided to the Court to document that Laiss applied to the Office of the Pardon Attorney, or that he received a certificate of pardon. Based on the plain text of the November 7, 2025 Pardon, this Court is without jurisdiction to determine whether the Pardon applies to Laiss's charged conduct, as would warrant dismissal under Rule 12(b)(1). The Motion to Dismiss the Indictment is denied.

## V.    CONCLUSION

Upon review of the Motion to Dismiss the Indictment and the responses, this Court finds that Laiss has not yet applied to the Office of the Pardon Attorney, or received a certificate of pardon, which the plain language of the Pardon requires him to do. This Court is thus without

jurisdiction to decide the present Motion.  This Court denies Laiss's Motion to Dismiss the

Indictment.

       A separate order follows.


                        BY THE COURT:


                        */s/ Joseph F. Leeson, Jr.*
                        JOSEPH F. LEESON, JR.
                        United States District Judge