## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 5:25-cr-00386 |
| : | |
| MATTHEW ALAN LAISS : | |

### O R D E R

**AND NOW,** this 15th day of January, 2026, upon consideration of the Defendant's unresolved counter-designations,[1] *see* ECF Nos. 33, 42, 43, and 46, and after hearing argument from counsel at the Final Pretrial Conference held on January 13, 2026, **IT IS ORDERED THAT**:

1. The Defendant's request to admit his unresolved counter-designations, *see* footnote 1, pursuant to Federal Rule of Evidence 106[2] is **DENIED**.[3]

---

[1] By Order dated January 6, 2026, this Court directed the parties to confer about any specific portions of Defendant's interview that he seeks to introduce pursuant to Federal Rule of Evidence 106. *See* ECF No. 43. The Government agreed to play additional portions of the recorded interview, which were part of the Defendant's proposed counter-designations and relate to the Defendant's state of mind. *See* Gov. Resp. 2, ECF No. 46. The Government objects to the following proposed counter-designations:
    a. Page 7, Line 15 through Page 8, Line 16;
    b. Page 8, Line 23 through Page 10, Line 16;
    c. Page 12, Line 34 through Page 16, Line 24; and
    d. Page 25, Line 6 through Page 29, Line 6.

[2] Federal Rule of Evidence 106 provides that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106. Rule 106 applies when a party seeks to admit other parts of a statement when "fairness demand[s] admission of the statements." *Meigs v. Care Providers Ins. Servs., LLC*, No. 21-867, 2023 WL 12218679, at *1 (E.D. Pa. Jan. 13, 2023) (citing *United States v. Hird*, 913 F.3d 332, 355 (3d Cir. 2019)).

[3] The Defendant's counter-designations are not necessary to prevent distortion of the Government's excerpts of the recorded interview. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988) (holding that under Rule 106 "when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

another portion, the material required for completeness is ipso facto relevant and therefore admissible"); *United States v. Robinson*, No. 25-22, 2025 WL 3188395, at *3 (E.D. Pa. Nov. 14, 2025) (finding that "the touchstone [of Rule 106] remains whether the additional portions are necessary to prevent distortion"); *see also United States v. Hoffecker*, 530 F.3d 137, 192 (3d Cir. 2008) (holding that "additional portions of a recording may be played 'if it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding.'") (citing *United States v. Soures,* 736 F.2d 87, 91 (3d Cir. 1984), *cert. denied*, 469 U.S. 1161 (1985)). Absent distortion, the Defendant's assertion that the Government is putting him in a position that he has no choice but to take the stand is without merit. *See Soures,* 736 F.2d at 91 (holding that "the Fifth Amendment is implicated only if the evidence admitted presented a distorted picture of his prior statements"). Rule 106 "does not require introduction of portions of a statement that are neither explanatory of nor relevant to the passages that have been admitted." *Id.* Defendant's suggestion that if the counter-designations are both explanatory and relevant, they must be admitted, is without legal support. *See United States v. Jamar*, 561 F.2d 1103, 1109 (4th Cir. 1977) ("Rule 106 is not intended as a vehicle for the introduction of substantive evidence."). Rather, the counter-designations must also be "necessary" to complete the admitted portions to avoid distortion or misunderstanding. *See Soures,* 736 F.2d at 91 (referring to Rule 106 as a "doctrine of completeness"). The Defendant has not made the required showing.