## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **V.** | **:** | **CRIMINAL NUMBER 25-386** |
| | **:** | |
| | **:** | |
| **MATTHEW LAISS** | **:** | |

### DEFENDANT'S AMENDED PROPOSED JURY INSTRUCTION REQUEST NO. 12

Pursuant to the Court's January 14, 2026 Order (ECF 49), Matthew Laiss, by and through his attorneys Katrina Young and Elizabeth Toplin, Assistant Federal Defenders at the Federal Community Defender Office for the Eastern District of Pennsylvania, hereby submits an amended, internally consistent version of Defendant's Jury Instruction Request No. 12 ("Good Faith").

Respectfully submitted,

*/s/ Katrina Young*
KATRINA YOUNG
Assistant Federal Defender

*/s/ Elizabeth Toplin*
ELIZABETH L. TOPLIN
Assistant Federal Defender

**DEFENSE REQUEST 12**
**Good Faith**

The offense of voter fraud charged <u>in Count One of</u> the indictment requires proof that Mr. Laiss acted "willfully;" that is, it requires proof that he willfully deprived, defrauded, or attempted to deprive and defraud the residents of Pennsylvania of a fair and impartially conducted election process.  <u>Likewise</u>, the offense of voting more than once in a federal election charged <u>in Count Two of</u> the indictment requires proof that Mr. Laiss acted both "willfully" and "expressly for the purpose of having his vote count more than once."  If you find that Mr. Laiss acted in "good faith," that would be a complete defense to <u>both of these</u> charge<u>s</u>, because good faith on the part of Mr. Laiss would be inconsistent with his acting willfully and with the express purpose of having his vote count more than once.

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that <u>his ballots for the office of the President and Vice President were true and correct and properly cast</u>, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect. Thus, in this case if Mr. Laiss made an honest mistake or had an honest misunderstanding about <u>the accuracy and propriety of his ballots</u>, then he did not act willfully or with the express purpose of having his vote count more than once.

[Mr. Laiss did not act in "good faith," however, if, even though he honestly held a certain opinion or belief or understanding, he also knowingly made false statements, representations, or promises to others.]

Mr. Laiss does not have the burden of proving "good faith." Good faith is a defense because it is inconsistent with the requirement<u>s</u> of the offenses charged, that Mr. Laiss acted willfully and with the express purpose of having his vote count more than once.  As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the

offenses, including the mental state elements.  In deciding whether the government proved that Mr. Laiss acted willfully and with the express purpose of having his vote count more than once, or, instead, whether Mr. Laiss acted in good faith, you should consider all the evidence presented in the case that may bear on his state of mind.  If you find from the evidence that Mr. Laiss acted in good faith, as I have defined it, or if you find for any other reason that the government has not proved beyond a reasonable doubt that Mr. Laiss acted willfully and with the express purpose of having his vote count more than once, you must find Mr. Laiss not guilty of the offenses of voter fraud and voting more than once in a federal election.

**Authority/Adapted From:**   Third Circuit, Model Criminal Jury Instructions § 5.07 (2024).

**<u>CERTIFICATE OF SERVICE</u>**

We, Katrina Young and Elizabeth L. Toplin, Assistant Federal Defenders, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that we caused a copy of the attached Defendant's Amended Proposed Jury Instruction No. 12 to be filed and served electronically through the Eastern District Clerk's Office Electronic Case Filing ("ECF") and/or by electronic mail upon Mark B. Dubnoff, Assistant United States Attorney, whose office is located at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106.

*/s/ Katrina Young*
KATRINA YOUNG
Assistant Federal Defender

*/s/ Elizabeth Toplin*
ELIZABETH L. TOPLIN
Assistant Federal Defender

DATE:         January 22, 2026