IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-386 |
| MATTHEW ALAN LAISS | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S
<u>AMENDED GOOD FAITH JURY INSTRUCITON</u>**

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Mark B. Dubnoff, Assistant United States Attorney for the District, hereby objects to the amended good faith jury instruction submitted by defendant Matthew Laiss (ECF No. 51). As explained below, the defendant's amended proposed instruction misleadingly conflates Counts One and Two and is likely to confuse the jury.

**A. Background**

Mr. Laiss is scheduled to go to trial on March 2, 2026, on a federal indictment that charges him with one count of voter fraud, in violation of 52 U.S.C. § 20511(2) (Count One), and one count of voting more than once in a federal election, in violation of 52 U.S.C. § 10307(e) (Count Two). Count One alleges that on October 31, 2020, Mr. Laiss fraudulently submitted a mail-in ballot for the November 2020 Pennsylvania election when Mr. Laiss knew that he was no longer a Pennsylvania resident and was, therefore, ineligible to vote in Pennsylvania. Count Two alleges that Mr. Laiss knowingly and willfully cast more than one vote for the offices of President and Vice President in the 2020 general election: once by mail-in ballot to Pennsylvania and once in person in Florida.

On January 13, 2026, this Court held both a final pre-trial conference and the charge conference. ECF No. 48. Prior to that charge conference, both the government and the defendant had submitted proposed jury instructions. ECF Nos. 36, 38. The defense's proposals had included a request for a good faith instruction. ECF No. 38 at 14-15 (Defense Request 12). The government objected and argued that the Court should wait until the close of evidence to determine whether such an instruction was warranted. The court took the issue under advisement.

On January 14, 2026, the Court issued an Order resolving disputes on several of the parties' proposed jury instructions. ECF No. 49. With regard to the defense's proposed good-faith instruction, the Court stated that a decision would be held in abeyance until the close of evidence. *Id*. at 2. The Court specifically rejected the defense's arguments that the designated excerpts of his recorded interview by the FBI supported a good faith instruction as to Count One. *Id.* at n.5. The Court added that although "the designated excerpts *may* support a good faith defense as to Count Two, because the instruction is dependent on the evidence, this Court will wait until the close of the evidence to make its ruling." *Id.*

The Order further stated that even if the Court were to include a good faith instruction at the end of trial, the defendant's proposed instruction was "internally inconsistent and will not be given as currently drafted." *Id.* at 2. The Court stated that the defendant may submit an amended proposed good faith instruction by January 23, 2026. *Id.* Mr. Laiss filed his amended proposed good faith instruction on January 22, 2026. ECF No. 51.

**B. Argument**

The defendant's amended proposed instruction states that both Count One and Count Two require the government to prove that the defendant acted "willfully," which is accurate. ECF No. 51 at 2. The proposed instruction, however, then states that if the jury finds that Mr. Laiss acted in "good faith," with regard to either charge, "that would be a complete defense to <u>both of these</u> charge<u>s</u>, because good faith on the part of Mr. Laiss would be inconsistent with his acting willfully and with the express purpose of having his vote count more than once." *Id* (emphasis in original). Such an instruction would be inaccurate and misleadingly conflate Counts One and Two.

It is undisputed that the jury must consider each charge against Mr. Laiss separately. *See* ECF No. 38 at 1 (a defense request for Third Circuit's Model Instruction 3.12 (Separate Consideration -- Single Defendant Charged with Multiple Offenses)). Thus, the jury must separately consider whether Mr. Laiss acted willfully with regard to the conduct alleged in Count One and whether he acted willfully with regard to the conduct alleged in Count Two. It naturally follows, therefore, that any "good faith" defense must be considered separately with regard to each charge. In other words, a finding by the jury that the defendant acted in good faith when he engaged in the conduct alleged in Count One might be a "complete defense" to Count One, but it would be irrelevant to Count Two. Likewise, a finding by the jury that the defendant acted in good faith when he engaged in the conduct alleged in Count Two might be a "complete defense" to Count Two, but it would be irrelevant to Count One. Accordingly, the defense's proposal that if the jury finds that Mr. Laiss had a good faith belief that "<u>his ballots for the office of the</u>

3

President and Vice President were correct and properly cast," that would be a complete defense to both Counts One and Two, *see* ECF No. 51 at 2 (emphasis in original), misstates the law.

The distinction is critical for this case. To establish a good faith defense with regard to Count One, Mr. Laiss would have to present evidence that on October 31, 2020, when he completed his mail-in ballot, signed a declaration on the ballot's outer envelope attesting that he lived at, and was qualified to vote from, an address in Ottsville, Pennsylvania, and mailed that ballot back to Pennsylvania, Mr. Laiss honestly believed that he lived in Ottsville, Pennsylvania, and was eligible to vote in Pennsylvania in the November 2020 presidential election. The government is not aware of any evidence to support such a defense.

By contrast, the government is aware of some evidence that Mr. Laiss might present to support a good faith defense with regard to Count Two. When he was interviewed by the FBI, Mr. Laiss admitted that he had cast two votes for the same candidates for President and Vice President, but he denied that he intended both of his votes to count. Instead, he claimed that he voted in Florida because he was worried that his vote in Pennsylvania would not count since he did not live in Pennsylvania anymore. The government anticipates that the defense may urge the jury to believe Mr. Laiss's explanation to the FBI and argue that it shows he acted in good faith when he voted twice for the same federal offices.[1]

The dilemma the defense faces, however, is that if they make this argument, they will effectively be admitting that at the time the defendant voted in Florida, he knew that the mail-in ballot he had submitted to Pennsylvania three days earlier should not count because he did not

---

[1] The government expects to argue that the defendant was lying and that he voted twice for president and vice president because he wanted his votes to count twice.

live in Pennsylvania anymore and was no longer eligible to vote there. In other words, if the defendant argues "good faith" with regard to Count Two, he will effectively admit a lack of good faith with regard to Count One.

The defendant's amended proposed jury instruction attempts to avoid this dilemma by conflating Counts One and Two and suggesting that if the jury finds he acted in good faith when he voted more than once, that would be a complete defense to "both charges." Such an instruction would misstate the law and be highly likely to mislead or confuse the jury. Accordingly, the government respectfully submits that if the Court opts to give a good faith charge at the end of trial, it should not give the amended charge proposed by Mr. Laiss.[2]

---

[2] Indeed, as noted in this Court's January 14, 2026 Order, there is no requirement that this Court give any good faith instruction, regardless of the evidence presented by the defense at trial. ECF No. 49 at n.6 (citing *United States v. Leahy*, 445 F.3d 634, 651-52 (3d Cir. 2006) (where the district court instructed completely and properly regarding the knowledge element of fraud crimes, it did not abuse its discretion in refusing to give a specific good faith instruction, as any "good faith instruction would have been unnecessary and duplicative." ). *See also United States v. James*, 712 Fed. Appx. 154, 157-8 (3d Cir. 2017) (non-precedential) (trial judge did not err in failing to give good faith instruction where "jury was properly instructed on the knowledge elements of each offense and the District Court even added a special additional instruction that, in context, approximated a good faith instruction."); *United States v. Clendine,* 699 Fed. Appx. 109 (3d Cir. 2017) (non-precedential) (trial court did not err in failing to give good faith instruction where "the court gave 'a detailed instruction on the elements of the crime,' including knowledge and willfulness"); *United States v. Cocchiola*, 358 Fed. Appx. 376, 380-81 (3d Cir. 2009) (non-precedential) (holding trial court properly denied good faith instruction where other instructions adequately covered requisite intent); *United States v. Evans*, 356 Fed. Appx. 580, 585 (3d Cir. 2009) (non-precedential) (trial judge did not err in refusing to give defendant's proposed good faith, willfulness, and theory-of-the-defense instructions, where "the [District] Court's explanation of willfulness in the jury charge substantially covered the relevant points and allowed Evans to argue his theory of the case.").

For all the foregoing reasons, the government objects to the defendant's proposed amended jury instruction.

Respectfully submitted,
DAVID METCALF
United States Attorney


*/s/ Mark B. Dubnoff*
MARK B. DUBNOFF
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email and the Court's ECF electronic court filing system upon:

Katrina Young, Esq., and<br>
Elizabeth Toplin, Esq,<br>
Counsel for the Defendant

Date: February 3, 2026              /s/ *Mark B. Dubnoff*
                                    MARK B. DUBNOFF